IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **STEVEN M. SEYS, 383647,** ) | |
| Plaintiff, ) | |
| v. ) | No. 3:13-CV-2617-G |
| ) | |
| **JULIE DOUCET, ET AL.,** ) | |
| Defendants. ) | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     BACKGROUND**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Dallas County public defender Julie Doucet, Dallas County Clerk of Court Gary Fitzsimmons and Dallas County Judge Ernest White. Process has not issued pending preliminary screening.

On September 4, 1984, Plaintiff was convicted of murdering his wife and was sentenced to 99 years in prison. (Pet. Memo at 1.) Petitioner states that in September and November, 2011, he mailed a documents to Fitzsimmons requesting assistance of counsel to file a motion for DNA testing. Plaintiff states Fitzsimmons did not file these documents until January, 2012. Plaintiff states the court appointed public defender Julie Doucet to represent him. Plaintiff claims Doucet was ineffective in representing him. Plaintiff states that on November 6, 2012, Judge White

denied his motion for DNA testing. Plaintiff claims Judge White issued false findings of fact in denying his motion. Plaintiff seeks money damages.

## II. SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Plaintiff claims the Defendant's actions denied him access to the courts, due process and equal protection. Defendants, however, are immune from this suit for money damages under § 1983.

Judges have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Judge White's actions in appointing Plaintiff counsel and in denying Plaintiff's motion for DNA testing are actions taken within the scope of Judge White's jurisdiction. Judge White is

therefore immune from suit under § 1983. Court clerks also are immune from actions "for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Kastner v. Lawrence*, 390 Fed. Appx. 311, 315 (5th Cir. 2010) (quoting *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)). Finally, defense attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 Fed. Appx. 378, 379 (5th Cir. 2011). Plaintiff's complaint should therefore be dismissed.

## RECOMMENDATION

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 1915(e)(2)(B).

Signed this 18th day of July, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).